# EXHIBIT A

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  25STCV15581

JENNA SHUMWAY VS SPACE EXPLORATION TECHNOLOGIES CORP., ET AL.

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:** 05/29/2025
**Case Type:**  Wrongful Termination (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/16/2025** at 08:30 AM in Department 48 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

COLLINS DANIEL **-** Defendant

MARTINEZ MICHAEL C **-** Attorney for Plaintiff

SHUMWAY JENNA **-** Plaintiff

SPACE EXPLORATION TECHNOLOGIES CORP. **-** Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**06/12/2025** Proof of Personal Service
Filed by Jenna Shumway (Plaintiff)

**06/03/2025** Proof of Personal Service
Filed by Jenna Shumway (Plaintiff)

**06/02/2025** Notice of Case Management Conference
Filed by Clerk

**05/29/2025** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/29/2025** Alternative Dispute Resolution Packet
Filed by Clerk

**05/29/2025** Civil Case Cover Sheet
Filed by Jenna Shumway (Plaintiff)

**05/29/2025** Summons (on Complaint)
Filed by Jenna Shumway (Plaintiff)

**05/29/2025** Complaint
Filed by Jenna Shumway (Plaintiff)


## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**06/12/2025** Proof of Personal Service; Filed by: Jenna Shumway (Plaintiff); As to: Daniel Collins (Defendant); Service Date: 06/07/2025; Service Cost: 230.00; Service Cost Waived: No

**06/03/2025** Proof of Personal Service; Filed by: Jenna Shumway (Plaintiff); As to: Space Exploration Technologies Corp. (Defendant); Service Date: 05/30/2025; Service Cost: 105.00; Service Cost Waived: No

**06/02/2025** Case Management Conference scheduled for 10/16/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 48

**06/02/2025** Notice of Case Management Conference; Filed by: Clerk

**05/29/2025** Complaint; Filed by: Jenna Shumway (Plaintiff); As to: Space Exploration Technologies Corp. (Defendant); Daniel Collins (Defendant)

**05/29/2025** Summons on Complaint; Issued and Filed by: Jenna Shumway (Plaintiff); As to: Space Exploration Technologies Corp. (Defendant); Daniel Collins (Defendant)

**05/29/2025** Civil Case Cover Sheet; Filed by: Jenna Shumway (Plaintiff); As to: Space Exploration Technologies Corp. (Defendant); Daniel Collins (Defendant)

**05/29/2025** Alternative Dispute Resolution Packet; Filed by: Clerk

**05/29/2025** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**05/29/2025** Case assigned to Hon. Thomas D. Long in Department 48 Stanley Mosk Courthouse

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
SPACE EXPLORATION TECHNOLOGIES CORP, a Texas corporation;
DANIEL COLLINS, an individual; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNA SHUMWAY, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/29/2025 12:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. AVISO: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court - Central District
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV15581

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Martinez (SBN 188084) MICHAEL MARTINEZ LAW, APC  PH: 888.227.2994 FAX: 626.240.5994
155 North Lake Avenue, Suite 800
Pasadena, CA 91101

DATE: 05/29/2025        David W. Slayton, Executive Officer/Clerk of Court
*(Fecha)*        Clerk, by    S. Ruiz    , Deputy
        *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  SPACE EXPLORATION TECHNOLOGIES CORP,
        a Texas corporation;
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    Michael C. Martinez (Bar No. 188084)
     michael@michaelmartinezlaw.com
2    MICHAEL MARTINEZ LAW, APC
     155 North Lake Avenue, Suite 800
3    Pasadena, CA 91101
     Telephone: 888.227.2994
4    Facsimile: 626.240.5994

5    Attorney for Plaintiff
     JENNA SHUMWAY
6

7

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/29/2025 12:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11   JENNA SHUMWAY, an individual,      )   Case No. 25STCV15581
                                         )
12            Plaintiff,                  )   COMPLAINT FOR:
                                         )
13        vs.                            )
                                         )   1. **HARASSMENT ON THE BASIS
14   SPACE EXPLORATION                    )      OF SEX AND/OR GENDER
     TECHNOLOGIES CORP, a Texas           )      [GOVERNMENT CODE § 12940]**
15   corporation; DANIEL COLLINS, an      )   2. **DISCRIMINATION ON THE
     individual; and DOES 1 through 50,   )      BASIS OF SEX AND/OR GENDER
16                                         )      [GOVERNMENT CODE § 12940]**
              Defendants.                  )   3. **RETALIATION
17                                         )      [GOVERNMENT CODE § 12940]**
                                         )   4. **FAILURE TO PREVENT
18                                             HARASSMENT AND
                                               DISCRIMINATION
19                                             [GOVERNMENT CODE § 12940]**
                                             5. **WRONGFUL TERMINATION IN
20                                             VIOLATION OF PUBLIC POLICY**
                                             6. **INTENTIONAL INFLICTION OF
21                                             EMOTIONAL DISTRESS**
                                             7. **RETALIATION
22                                             [LABOR CODE § 1102.5]**
                                             8. **DEFAMATION**
23                                           9. **VIOLATION OF THE
                                               CALIFORNIA EQUAL PAY ACT**
24                                           10. **VIOLATIONS OF BUSINESS AND
                                               PROFESSIONS CODE § 17200**
25                                           11. **ACTION AND REQUEST FOR
                                               DECLARATORY AND
26                                             INJUNCTIVE RELIEF**

27                                             **[DEMAND FOR JURY TRIAL]**

28

Michael Martinez Law,
APC
Pasadena

                                    1
                                COMPLAINT

Plaintiff JENNA SHUMWAY alleges as follows:

1. Plaintiff JENNA SHUMWAY is an individual, competent to bring this action, and is a resident of the County of Los Angeles, State of California. At all relevant times alleged herein, Plaintiff was employed in the County of Los Angeles, State of California.

2. Defendant SPACE EXPLORATION TECHNOLOGIES CORP. ("SPACEX," "Defendant" or, collectively with DOE and other named defendants, "Defendants") is a Texas corporation, which was at all relevant times engaged in and qualified to do business within the County of Los Angeles, State of California. The practices and policies complained of by way of this Complaint were enforced in the County of Los Angeles, State of California.

3. Defendant DANIEL COLLINS ("COLLINS" and, separately and collectively with other Defendants, "Defendants") is an adult individual and, at all times relevant, was a resident of Los Angeles County, California.

4. Plaintiff does not know the true names and capacities of the defendants named herein as DOES 1 through 50, and Plaintiff, therefore, sues those defendants by said fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the Defendants, and each person acting on its behalf, was the agent, servant, and/or employee of each and every other defendant, and that all acts and omissions herein complained of were performed within the course and scope of said employment, service, or agency.

6. This Court is the proper Court, and this action is properly filed in Los Angeles County because the Defendants' obligations and liability arise therein, because Defendants maintain a business location and transact business within Los Angeles County, and because work performed by Plaintiff, which makes up the subject of this action, was performed in Los Angeles County.

## FACTUAL ALLEGATIONS

7. Plaintiff brings this action to recover, among other things, damages suffered as a result of Defendants' unlawful conduct toward Plaintiff.

8. Plaintiff was initially hired by Defendant SPACEX on March 15, 2022, in the role of Senior Program Security Officer ("Sr. PSO"); the position title was later changed to Sr. Contractor Program Security Officer ("Sr. CPSO") to align with industry standards. In April 2022, Plaintiff was briefed to her first top secret US Government Program. In her position, Plaintiff was responsible for supporting Defendant SPACEX's program security requirements, including ensuring compliance with United States Government security mandates for Classified US Government Programs.

9. Weeks later, in or about May 2022, Plaintiff's workload increased as she was briefed into an additional program. This program was added to Plaintiff's existing workload without any handoff or transition because the prior Sr. PSO on said program was abruptly terminated on or about the day of Plaintiff's briefing.

10. In August 2022, Plaintiff was briefed into yet another Program. Then in or about the last quarter of 2022 and into the beginning of 2023, multiple US Defense Advanced Research Projects Agency, Naval Air Systems Command, and Air Force programs and studies were added to Plaintiff's workload.

11. In March 2023, Plaintiff was promoted to the position of Manager, Program Security. This promotion resulted in Plaintiff taking on even more work and supervisory responsibilities. This promotion resulted in the first act of discriminatory conduct by Defendant SPACEX. This promotion included a nominal increase in salary, but it also included a significant increase in work and responsibility for Plaintiff. However, there was at least one male employee in the same role and, later, a lesser role than Plaintiff, who was compensated at a rate significantly higher than Plaintiff and continued to be compensated at that higher rate even after being placed in a lesser role. As such, Plaintiff conducted not only substantially similar or same work as her male counterpart or subordinate at a much lower salary, but she was expected to conduct substantially more work than male

1   employees in equal or lesser positions, and Plaintiff's work required more skill, effort, and

2   responsibility.  Plaintiff voiced her opposition to senior management and to senior

3   leadership in Human Resources ("HR") about said disparate pay practice.  Defendant

4   SPACEX refused to do the right thing and continued with its discriminatory conduct

5   unabated.  Despite being paid less, Plaintiff continued to achieve in her position and

6   received an award to acknowledge her exceptional work performance.  Still, Plaintiff was

7   paid less.

8          12. In October 2023, the current Director at that time told Plaintiff of his

9   impending departure and stated that he would recommend Plaintiff to SPACEX Executive

10  Leadership or decision-makers as the Director's replacement.  To that end, the Director

11  proceeded to "hand off" most of his Director duties to Plaintiff, and made it known to the

12  team that Plaintiff would be taking over for him.  In December 2023, Plaintiff inquired

13  about the Director position that opened based upon the Director's departure.  The new

14  position would have been a promotion for Plaintiff.  SPACEX Executive Leadership told

15  Plaintiff that there would be an opportunity for her to interview for the role as they would

16  be "casting a wide net internally and externally."  However, no role was ever posted

17  internally or externally.  Plaintiff spoke with HR and management concerning the lack of

18  any job posting, nothing was done to address Plaintiff's concerns and Plaintiff was not

19  provided with any information on how to apply for the Director position.  Ultimately,

20  Plaintiff was prevented from applying for the position and did not receive the promotion.

21  Plaintiff again raised this issue with SPACEX Leadership and HR and, again, nothing was

22  done to address Plaintiff's concerns or complaints.

23          13. In January 2024, Plaintiff was again publicly given an award as recognition

24  for her excellent work performance.  She also received a promotion to Sr. Manager (not

25  the Director position she sought), seemingly as consolation in an effort to appease

26  Plaintiff.  Plaintiff merely wanted an opportunity to apply for the Director position.  Even

27  worse, Plaintiff remained at a lower disparate pay compared to her male counterparts even

28  after the promotion to Sr. Manager.  The result was that Plaintiff was charged with the

1 | duties and responsibilities for the Director position she sought but without the promotion,

2 | the title, or increase in pay.

3 |       14. Plaintiff continued her employment with exceptional performance despite

4 | Defendant's discriminatory practices against her. But Plaintiff's work environment

5 | entirely changed with the hiring of Defendant COLLINS in or around March/April 2024.

6 | Although there was no known posting or hiring/interviewing process, COLLINS was

7 | somehow hired into the Director role, the exact Director position that Plaintiff sought. In

8 | or about April 2024, Plaintiff restated her concern to COLLINS, now her superior, about

9 | the discriminatory disparate pay issue she had previously raised with management and HR.

10 | Rather than address Plaintiff's concerns, COLLINS began a campaign of harassment and

11 | retaliation against Plaintiff and made concerted efforts to terminate Plaintiff's

12 | employment. These efforts ultimately succeeded.

13 |       15. In April 2024, Plaintiff brought her first complaint about COLLINS to HR.

14 | Plaintiff complained that COLLINS made inappropriate comments in a meeting with

15 | SPACEX customers about women in bikinis being out on display somewhere. SPACEX

16 | customers were the United States Government. Plaintiff was present at the meeting and

17 | found the conduct offensive toward her and women, and especially improper in front of

18 | representatives of the United States Government. Plaintiff also reported to HR that one of

19 | Plaintiff's female subordinates stated she experienced discriminatory conduct by

20 | COLLINS. Plaintiff also reported to HR that COLLINS asked one of Plaintiff's female

21 | coworkers to go out, saying to his subordinate employee, "Do you drink? We should get

22 | shitty together." COLLINS followed with a laugh and wink. Despite Plaintiff's own

23 | complaints and the escalation of two female employees' complaints, HR did nothing.

24 |       16. Unabated, COLLINS continued with his campaign and created a hostile

25 | work environment that included, among other things, retaliation against Plaintiff.

26 | COLLINS harassed Plaintiff with nearly every opportunity. His conduct was not limited

27 | to the inappropriate comments about women. As part of his campaign of harassment,

28 | COLLINS also made false statements about Plaintiff in the workplace in order to cause her

1  mental and emotional distress and to create pretext for Plaintiff's eventual termination.

2  COLLINS also made harassing and discriminatory comments to Plaintiff about how she

3  conducts herself as a woman.  This was all done to create a hostile work environment for

4  Plaintiff where she would feel extremely uncomfortable and quit.

5      17. Plaintiff went to HR again to report the increased attacks and harassing

6  behavior, and feelings of discomfort and anxiety.  Plaintiff reported to HR that she was not

7  comfortable being alone with COLLINS as he would attack her verbally, undermine her,

8  make derogatory remarks about Plaintiff's subordinates, and anything else that would

9  fulfill his agenda of forcing out Plaintiff.  Plaintiff also reported to HR that she did not

10  want to continue with one-on-one meetings with COLLINS because she felt unsafe.  But,

11  at the same time, Plaintiff was fearful COLLINS would use a cessation of one-on-one

12  meetings against Plaintiff as another reason to claim she was "failing" in her position.

13  Although HR advised Plaintiff that she did not have to do anything that made her feel

14  unsafe or uncomfortable, they took no action to investigate or ensure that leadership or

15  COLLINS would refrain from the reported misconduct.  HR's only remedial action was to

16  provide simple and useless advice to Plaintiff to avoid being alone with COLLINS.

17      18. COLLINS's unabated campaign was working and Plaintiff was forced to see

18  her doctor again, who advised her to take time off at the end of April 2024.  Because of

19  COLLINS, Plaintiff was fearful of what would occur if she were away from work and told

20  her doctor this.  Plaintiff's doctor provided a note for three days off, believing the note

21  might protect her from retaliation.  Because HR was ineffective in stopping his

22  misconduct, Plaintiff remained fearful of what COLLINS would do while she was out of

23  work so she returned to work early.

24      19. Upon Plaintiff's return to work, she discovered that COLLINS was

25  instrumental in forcing a violation of United States Department of Defense security

26  mandates for a government funded contract that required top secret security protocols

27  while Plaintiff was away.  Plaintiff sounded the alarm and advised of what she believed

28  and knew to be a violation of government security and top secret protocols.  Instead of

1 | doing anything to report and remedy the violation, COLLINS took steps to undermine and
2 | lie about Plaintiff in order to hide his involvement from the United States government.
3 | Plaintiff believed this was a further violation of law because COLLINS sought to defraud
4 | the United States government and make the government believe it was receiving the
5 | security it was entitled to when in fact it was not. To further undermine Plaintiff,
6 | COLLINS lied to the United States government representatives about Plaintiff and
7 | concealed his own shortcomings and violations that occurred under COLLINS's watch.

8 |        20. In mid-May 2024, COLLINS ramped up his campaign and proceeded to
9 | essentially demote Plaintiff by stripping her of staff and responsibilities. Further,
10 | Defendant SPACEX compounded its discriminatory treatment and undermining of
11 | Plaintiff when COLLINS was granted changes to improve subordinate compensation and
12 | benefits, something that Plaintiff had attempted for well over a year, allowing COLLINS
13 | the opportunity to garner favor with Plaintiff's subordinates. Plaintiff had sought approval
14 | to implement the same exact changes but was previously denied. In conjunction with the
15 | approvals obtained, and to further harass Plaintiff, COLLINS made a gender-based
16 | harassing comment to Plaintiff commenting that she was unable to obtain the same
17 | approvals on the basis of her gender and included a gender-based stereotypical comment.
18 | COLLINS then proceeded to laugh at Plaintiff. COLLINS made such comments and took
19 | such actions against Plaintiff because of her gender and to create a hostile work
20 | environment for her. Thereafter, Plaintiff was informed by one of her male subordinates
21 | that COLLINS asked that subordinate what it was like reporting to a woman.

22 |        21. At the end of May 2024, Plaintiff was compelled to see her doctor again
23 | because of the increased hostility in her workplace. Since the time that COLLINS began
24 | his employment, Plaintiff lost significant weight directly as a result of the hostile work
25 | environment created by COLLINS.

26 |        22. In June 2024, COLLINS stripped Plaintiff of more staff and responsibilities.
27 | Plaintiff's responsibilities were reduced to less than what she had in early 2023 after her
28 | promotion to Sr. Manager, and her ability to do her job was still hampered as a result of

1 COLLINS's aforementioned false reporting about her to the United States government in
2 May 2024 (that false report by COLLINS continues to affect Plaintiff's career). In a
3 further attempt to obtain an explanation or compel an investigation into COLLIN's
4 misconduct toward Plaintiff, Plaintiff went to HR again and reported that COLLINS was
5 harassing, targeting, and spreading false information about her. To Plaintiff's knowledge,
6 HR did nothing to abate the problems created by COLLINS. Instead, COLLINS retaliated
7 against Plaintiff and disciplined her for something which was COLLINS's fault.
8 COLLINS sought to harass and undermine Plaintiff by lying about Plaintiff's work
9 performance. Plaintiff opposed the discipline and again made a report to HR. HR did
10 nothing and COLLINS continued to harass and retaliate against Plaintiff unabated.

11        23. In August 2024, using work as pretext, COLLINS berated and aggressively
12 interrogated Plaintiff and another female employee alone in one of the secure rooms.
13 There was no legitimate work need for the incident and it was simply done to harass two
14 female employees. During that encounter, COLLINS would look at the other female
15 employees' breasts and not her eyes when speaking to her. It was sufficiently obvious that
16 the other female employee sought to cover up. COLLINS, not surprisingly, did not
17 conduct himself this way toward male employees - no berating, yelling, or staring at
18 intimate body parts. Plaintiff went to HR again to report COLLINS, as did two other
19 female employees. Again, as before, HR did nothing except make a useless suggestion
20 that the female employees use a "buddy system" so as to avoid being alone with
21 COLLINS, although it was clear that COLLINS was not concerned about harassing two
22 women together. Reports to HR were futile and HR doing nothing to help or protect
23 female employees became a recurring theme.

24        24. In September 2024, COLLINS further escalated his campaign by instructing
25 United States government customers to cease communications with Plaintiff. COLLINS
26 also prevented female employees from performing essential duties so that the employees
27 would fall out of compliance. Again, HR was notified and while Plaintiff and other female
28 employees were assured that HR would look into the issues, nothing was done. The

1  complaining female employees, including Plaintiff, did not feel safe at the workplace and
2  HR knew this.

3    25. HR eventually said it conducted a purported investigation HR met with
4  Plaintiff on or about October 15, 2024, the day that Plaintiff returned from a pre-approved
5  vacation. Despite multiple employees having complained about COLLINS's misconduct
6  in the workplace, the more than 20 reports of COLLINS's misconduct to HR over a period
7  of several months, and the multitude of instances of his bullying and mistreatment of
8  female employees, HR claimed COLLINS's misconduct could not be substantiated. As
9  the ultimate act of retaliation, Plaintiff was involuntarily terminated on October 17, 2024.

10    26. Defendant SPACEX failed to take all reasonable steps necessary to prevent
11  said harassment, discrimination, and retaliation. Defendant SPACEX's own managing
12  agents even facilitated and participated in the harassing, discriminatory, and retaliatory
13  conduct.

14    27. Plaintiff is informed and believes and thereon alleges that at all times
15  relevant hereto Defendants, their officers, directors, managing agents, or shareholders were
16  acting on behalf of each other defendant in the establishment of, or ratification of the
17  illegal practices or policies and unlawful conduct alleged herein.

18    28. Plaintiff properly and timely filed a complaint with the California
19  Department of Civil Rights, received a Notice of Case Closure and Right to Sue letter, and
20  commenced this action in a timely manner.

21    29. Plaintiff is informed and believes and thereon alleges that each of the acts
22  and omissions alleged herein were performed by, and/or attributable to, Defendants and
23  unknown defendants, each acting as agents and/or employees, and/or under the direction
24  and control of each of the other Defendants, and that said acts and failures to act were
25  within the course and scope of said agency, employment and/or direction and control.

26    30. As a direct and proximate result of the unlawful actions of Defendants,
27  Plaintiff has suffered and continues to suffer from economic and non-economic damages,
28  including loss of earnings and emotional distress in an amount subject to proof at trial, plus

1  interest and other allowable relief, in excess of the minimum jurisdictional requirements of

2  this Court.

### FIRST CAUSE OF ACTION

### HARASSMENT ON THE BASIS OF SEX AND/OR GENDER

### [GOVERNMENT CODE § 12940]

**(Against All Defendants and DOES 1 through 50)**

7  31. Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

8  through 30 of this Complaint as though fully set forth herein.

9  32. Under Government Code § 12940, "It shall be an unlawful employment

10  practice, unless based upon a bona fide occupational qualification…[f]or an employer,

11  because of…sex [or] gender…to discharge the person from employment, or to discriminate

12  against the person in compensation or in terms, conditions, or privileges of employment."

13  As alleged above, Defendants, by and through their employees and agents, are charged

14  with harassing, discriminating, and retaliating against Plaintiff on the basis of her sex

15  and/or gender.

16  33. As a proximate result of Defendants' willful, knowing, and intentional

17  unlawful conduct against Plaintiff, Plaintiff has suffered adverse employment actions, and

18  sustained and continues to sustain losses in earnings and other employment benefits, in an

19  amount exceeding the minimal jurisdiction of this Court and to be proven at trial.

20  34. As a proximate result of Defendants' willful, intentional, and outrageous

21  unlawful acts against Plaintiff, Plaintiff has suffered and continues to suffer humiliation,

22  emotional distress, and mental and physical pain and anguish, all to Plaintiff's damage in a

23  sum according to proof.

24  35. Based on Defendants' willful, malicious, despicable, and oppressive

25  unlawful acts against Plaintiff, Plaintiff seeks an award of other, special damages

26  recoverable under applicable laws and the public policy underlying California statutes,

27  including punitive damages in an amount according to proof.

28

Michael Martinez Law,
APC
Pasadena

1    36. Plaintiff has incurred and continues to incur legal expenses and attorneys'

2    fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

3    prays for leave of court to amend this complaint when said amounts are more fully known

4    in order to recover said expenses and fees as allowed by statute.

5    ## SECOND CAUSE OF ACTION

6    ### DISCRIMINATION ON THE BASIS OF SEX AND/OR GENDER

7    ### [GOVERNMENT CODE § 12940]

8    **(Against Defendant SPACEX and DOES 1 through 25)**

9    37. Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

10   through 36 of this Complaint as though fully set forth herein.

11   38. The foregoing conduct violates the Fair Employment and Housing Act,

12   Government Code §§12940, et seq., which provides that discrimination against an

13   employee on the basis of sex or gender is an unlawful employment practice.

14   39. As alleged above, Plaintiff was discriminated against and retaliated against

15   on the basis of Plaintiff's sex and/or gender.

16   40. As a proximate result of Defendants' unlawful conduct, and violation of the

17   aforementioned California public policy and statute, Plaintiff has sustained and continues

18   to sustain substantial loss in past, present and future earnings, and other employment

19   benefits in amounts to be proven at trial, which are in excess of the Court's minimum

20   jurisdictional limits.  Plaintiff's damages include all consequential, general, and special

21   economic damages in amounts to be proven at trial.

22   41. As a proximate result of Defendants' willful, intentional, and outrageous acts

23   against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional

24   distress, and mental and physical pain and anguish, all to Plaintiff's damage in a sum

25   according to proof.

26   42. Based on Defendants' willful, malicious, despicable, and oppressive acts of

27   retaliation against Plaintiff, Plaintiff seeks an award of other, special damages recoverable

28

Michael Martinez Law,
APC
Pasadena

1    under applicable laws, public policy, and other statutory provisions, including punitive

2    damages in an amount according to proof.

3         43. Plaintiff has incurred and continues to incur legal expenses and attorneys'

4    fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

5    prays for leave of court to amend this complaint when said amounts are more fully known

6    in order to recover said expenses and fees as allowed by statute.

7                              **THIRD CAUSE OF ACTION**

8                              **UNLAWFUL RETALIATION**

9                         **[GOVERNMENT CODE § 12940]**

10            **(Against Defendant SPACEX and DOES 1 through 25)**

11         44. Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

12    through 43 of this Complaint as though fully set forth herein.

13         45. The foregoing conduct by Defendants violates the Fair Employment and

14    Housing Act, Government Code §§12940, et seq., inclusive of 12945, which makes it an

15    unlawful employment practice to retaliate against an employee due to her reports or

16    opposition to harassment or discrimination on the basis of sex or gender.

17         46. As alleged above, Defendants retaliated against Plaintiff by taking adverse

18    action employment actions against her and conducting a campaign of misconduct to force

19    Plaintiff to quit her employment or to fabricate pretext to form the basis for Plaintiff's

20    involuntary termination.

21         47. As a proximate result of Defendants' unlawful conduct, and violation of the

22    aforementioned California public policy and statute, Plaintiff has sustained and continues

23    to sustain substantial loss in past, present, and future earnings, and other employment

24    benefits in amounts to be proven at trial, which are in excess of the Court's minimum

25    jurisdictional limits.  Plaintiff's damages include all consequential, general, and special

26    economic damages in amounts to be proven at trial.

27         48. As a proximate result of Defendants' willful, intentional, and outrageous acts

28    against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional

1  distress, and mental and physical pain and anguish, all to Plaintiff's damage in a sum
2  according to proof.

3      49. Plaintiff is informed and believes and thereon alleges that, in doing the acts
4  and events alleged above, the Defendants acted with fraud, oppression, or malice such that
5  Plaintiff is entitled to punitive damages in an amount to be determined at trial.

6      50. Plaintiff has incurred and continues to incur legal expenses and attorneys'
7  fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and
8  prays for leave of court to amend this complaint when said amounts are more fully known
9  in order to recover said expenses and fees as allowed by statute.

10      **FOURTH CAUSE OF ACTION**
11      **FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION**
12      **[GOVERNMENT CODE § 12940]**
13      **(Against Defendant SPACEX and DOES 1 through 25)**

14      51. Plaintiff hereby restates and incorporates by reference herein, paragraphs 1
15  through 50 of this Complaint as though fully set forth herein.

16      52. California Government Code § 12940(j) and (k) provide that it shall be an
17  unlawful employment practice for an employer to fail to take all reasonable steps
18  necessary to prevent harassment, discrimination, or retaliation from occurring.

19      53. As alleged above, Defendants failed to take all reasonable steps necessary to
20  prevent harassment, discrimination, and retaliation against Plaintiff, which resulted in
21  adverse employment action against Plaintiff, including involuntary termination of her
22  employment.

23      54. As a proximate result of Defendants' unlawful conduct, and violation of the
24  aforementioned California public policy and statute, Plaintiff has sustained and continues
25  to sustain substantial loss in past, present and future earnings, and other employment
26  benefits in amounts to be proven at trial, which are in excess of the Court's minimum
27  jurisdictional limits.  Plaintiff's damages include all consequential, general, and special
28  economic damages in amounts to be proven at trial.

1       55. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered

2   and continues to suffer humiliation, severe emotional distress and mental and physical pain

3   and anguish, all to Plaintiff's damage in a sum according to proof.

4       56. Based on Defendants' willful, malicious, despicable, and oppressive acts

5   against Plaintiff, Plaintiff seeks an award of other, special damages recoverable under the

6   public policy underlying California's statutes, including punitive damages in an amount

7   according to proof.

8       57. Plaintiff has incurred and continues to incur legal expenses and attorneys'

9   fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

10  prays for leave of court to amend this complaint when said amounts are more fully known

11  in order to recover said expenses and fees as allowed by statute.

12                          **FIFTH CAUSE OF ACTION**

13          **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

14                  **(Against Defendant SPACEX and DOES 1 through 25)**

15      58.     Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

16  through 57 of this Complaint as though fully set forth herein.

17      59.     California has a public policy which protects employees by prohibiting

18  harassment, discrimination, or retaliation against any such employee on the basis of sex or

19  gender, and protects employees who complain of or oppose unlawful conduct.  Under

20  Government Code § 12940, "It shall be an unlawful employment practice, unless based

21  upon a bona fide occupational qualification…[f]or an employer, because of…sex [or]

22  gender…to discharge the person from employment, or to discriminate against the person in

23  compensation or in terms, conditions, or privileges of employment."  The code also

24  provides that it shall be unlawful for an employer "because of…sex [or] gender…to harass

25  an employee."  As alleged above, Defendants, by and through their employees and agents,

26  are charged with unlawfully harassing, discriminating, and retaliating.  Defendants'

27  unlawful conduct was in violation of California's public policy.

28

Michael Martinez Law,
APC
Pasadena

14
COMPLAINT

60.    As a proximate result of Defendants' willful, knowing, and intentional unlawful conduct against Plaintiff, Plaintiff has suffered adverse employment actions, and sustained and continues to sustain losses in earnings and other employment benefits, in an amount exceeding the minimal jurisdiction of this Court and to be proven at trial.

61.    As a proximate result of Defendants' willful, intentional, and outrageous unlawful acts against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to Plaintiff's damage in a sum according to proof.

62.    Based on Defendants' willful, malicious, despicable, and oppressive unlawful acts against Plaintiff, Plaintiff seeks an award of other special damages, including punitive damages in an amount according to proof.

63.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known in order to recover said expenses and fees as allowed by statute.

### SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

64.    Plaintiff hereby restates and incorporates by reference herein, paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65.    Defendants' conduct alleged herein was intentional, outrageous, malicious, and committed for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and severe physical and emotional distress.

66.    As a direct and proximate result of Defendants' wrongful and outrageous conduct, Plaintiff has suffered emotional distress and damages and will suffer damages, both general and special, and seeks compensatory damages in an amount to be proven at trial.

Michael Martinez Law,
APC
Pasadena

1      67.    Plaintiff is informed and believes and thereon alleges that, in doing the acts

2  and events alleged above, the Defendants acted with fraud, oppression, or malice such that

3  Plaintiff is entitled to punitive damages in an amount to be determined at trial.

4  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

5  <div align="center">**RETALIATION**</div>

6  <div align="center">**[LABOR CODE § 1102.5]**</div>

7  <div align="center">**(Against Defendants SPACEX and DOES 1 through 25)**</div>

8      68.    Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

9  through 67 of this Complaint as though fully set forth herein.

10      69.    Plaintiff invokes California Labor Code § 1102.5, an anti-retaliation

11  provision, which provides that no employer shall prevent an employee who reasonably

12  believes that a violation of laws has occurred from reporting or opposing such violations or

13  retaliate against such employee for reporting or opposing such violations.

14      70.    As alleged hereinabove, Defendants, by and through its employees and/or

15  agents, are charged with retaliating against Plaintiff because of Plaintiff's complaints and

16  reports about and opposition to unlawful conduct and practices, as stated hereinabove,

17  including, but not limited to, violation of state laws involving employment practices,

18  breaches and violations of United States government security mandates, and making false

19  statements to the United States government.

20      71.    Plaintiff reported her concerns internally to management personnel, as

21  alleged hereinabove.

22      72.    As a proximate result of Defendants' unlawful conduct, and violation of the

23  aforementioned California public policy and statute, Plaintiff has sustained and continues

24  to sustain substantial loss in past, present and future earnings, and other employment

25  benefits in amounts to be proven at trial, which are in excess of the Court's minimum

26  jurisdictional limits.  Plaintiff's damages include all consequential, general, and special

27  economic damages in amounts to be proven at trial.

28

1      73.    As a proximate result of Defendants' willful, intentional, and outrageous

2  discriminatory acts against Plaintiff, Plaintiff has suffered and continues to suffer

3  humiliation, emotional distress, and mental and physical pain and anguish, all to Plaintiff's

4  damage in a sum according to proof.

5      74.    Plaintiff is informed and believes and thereon alleges that, in doing the acts

6  and events alleged above, the Defendants acted with fraud, oppression, or malice such that

7  Plaintiff is entitled to punitive damages in an amount to be determined at trial.

8      75.    Plaintiff has incurred and continues to incur legal expenses and attorneys'

9  fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

10  prays for leave of court to amend this complaint when said amounts are more fully known

11  in order to recover said expenses and fees as allowed by statute.

12      **EIGHTH CAUSE OF ACTION**

13      **DEFAMATION**

14      **(Against all Defendants)**

15      76.    Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

16  through 75 of this Complaint as though fully set forth herein.

17      77.    California Civil Code §§ 45 and 46 provide a statutory right of action for

18  defamation.

19      78.    As alleged hereinabove, Defendants defamed Plaintiff, verbally and/or in

20  writing, by their false representations about Plaintiff and her work performance to third

21  parties, including the United States Government and other persons.  Defendants knew the

22  representations to be false.  Such representations would tend to injure Plaintiff with respect

23  to her profession.  Further, the reports and statements were made with malice, with the

24  intent to harm and damage Plaintiff.

25      79.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered

26  and continues to suffer humiliation, severe emotional distress and mental and physical pain

27  and anguish, and financial harm, all to Plaintiff's damage in a sum according to proof.

28

1  Plaintiff therefore seeks to recover all damages suffered in an amount exceeding the

2  minimal jurisdiction of this Court and to be proven at trial.

3      80.    Plaintiff is informed and believes and thereon alleges that, in doing the acts

4  and events alleged above, the Defendants acted with fraud, oppression, or malice such that

5  Plaintiff is entitled to punitive damages in an amount to be determined at trial.

6                            **NINTH CAUSE OF ACTION**

7                  **VIOLATION OF THE CALIFORNIA EQUAL PAY ACT**

8                  **(Against Defendants SPACEX and DOES 1 through 25)**

9      81.    Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

10  through 80 of this Complaint as though fully set forth herein.

11      82.    At all relevant times, California Labor Code § 1197.5 was in effect and was

12  binding on Defendants.  This statute prohibits Defendants from paying any individual at a

13  lower rate than employees of a different gender for substantially similar work, when

14  viewed as a composite of skill, effort, and responsibility, performed under similar working

15  conditions.

16      83.    Defendants violated California Labor Code § 1197.5 by failing to

17  compensate Plaintiff at the same rate as her male counterparts for substantially similar

18  work, when viewed as a composite of skill, effort, and responsibility, performed under

19  similar working conditions.  Specifically, Defendants compensated male employees with

20  higher salaries and bonuses than Plaintiff, despite the fact that the Plaintiff had more

21  experience and qualifications, and that, if anything, Plaintiff had greater responsibilities

22  and workload.  Defendants knew this to be the case, yet continued to fail to pay Plaintiff

23  equal wages, which are due and owing.

24      84.    As a proximate result of Defendants' willful, knowing, and intentional

25  violation of Labor Code § 1197.5, Plaintiff sustained substantial losses of earnings and

26  employment benefits.  Plaintiff is entitled to the balance of the wages, including interest,

27  and an equal amount as liquidated damages.

28

Michael Martinez Law,
APC
Pasadena

                                    18
                              COMPLAINT

85.    Labor Code § 1197.5(k)(1) makes it unlawful for an employer to "in any manner discriminate or retaliate against" any employee for taking any action taken to invoke or enforce the provisions of Labor Code § 1197.5.  As alleged herein, Defendants discriminated and retaliated against Plaintiff for actions she took to attain pay equity in accordance with Labor Code § 1197.5.

86.    Labor Code § 1197.5(k)(2) enables employees, such as Plaintiff, who have "been discharged, discriminated or retaliated against, in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in" Labor Code § 1197.5, to recover, among other things, "reimbursement for lost wages and work benefits caused by the acts of the employer, including interest thereon, as well as appropriate equitable relief."

87.    Plaintiff is informed and believes and thereon alleges that, in doing the acts and events alleged above, the Defendants acted with fraud, oppression, or malice such that Plaintiff is entitled to punitive damages in an amount to be determined at trial.

88.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known in order to recover said expenses and fees as allowed by statute.

## TENTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200

### (Against Defendants SPACEX and DOES 1 through 25)

89.    Plaintiff hereby restates and incorporates by reference herein, paragraphs 1 through 88 of this Complaint as though fully set forth herein.

90.    By violating the foregoing statutes and regulations, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, *et seq.*

1   91.    Defendants' violations of California equal pay laws constitute a business

2   practice because it was done repeatedly over a significant period of time, and in a

3   systematic manner to the detriment of Plaintiff and the public, and competing business.

4   92.    Within the four (4) years preceding the filing of this action, Plaintiff suffered

5   damages and requests damages and/or restitution of all monies to be disgorged from

6   Defendants in an amount according to proof at the time of trial, but in excess of the

7   minimum jurisdictional requirements of this court.

8   **ELEVENTH CAUSE OF ACTION**

9   **ACTION AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

10   **(Against Defendant SPACEX and DOES 1 through 25)**

11   93.    Plaintiff hereby restates and incorporates by reference herein, paragraphs 1

12   through 92 of this Complaint as though fully set forth herein.

13   94.    Defendants' alleged unlawful conduct violates the Fair Employment and

14   Housing Act, Government Code §§12940, et seq., which provides that employees in the

15   workplace shall be free from unlawful harassment and discrimination.

16   95.    As alleged above, Plaintiff was harassed, discriminated against, retaliated

17   against, and terminated by Defendants.

18   96.    In addition to monetary and punitive remedies, Plaintiff seeks nonmonetary

19   injunctive and declaratory relief by way of issuance of a judgment declaring that

20   Defendants violated California Government Code § 12940 by way of its alleged unlawful

21   conduct.

22   97.    Plaintiff seeks to have this Court issue an injunction ordering Defendants to

23   stop engaging in such unlawful conduct, and to develop and follow sound policies and

24   procedures for preventing the recurrence of any such unlawful conduct, including but not

25   limited to the following: (a) Require Defendants to adopt policies with specific guidelines

26   for instructing personnel about how to address harassment, discrimination, and retaliation

27   in the workplace; (b) Require Defendants to provide training to supervisors, managers, and

28   decision makers on their legal obligation to refrain from disparate treatment of other

Michael Martinez Law,
APC
Pasadena

1  employees, and to take all steps necessary to prevent harassment, discrimination, and

2  retaliation; (c) Require Defendants to develop and institute a training and education

3  program for all of its employees, addressing issues of diversity in the workplace and

4  tolerance, wherein employees are instructed about laws prohibiting harassment

5  discrimination, and retaliation on the basis of a protected characteristic; and (d) Require

6  Defendants to maintain complete and accurate written records concerning harassment,

7  discrimination, and retaliation, as well as the specific action taken by Defendants to

8  resolve such issues.

9      98.    Plaintiff has incurred and continues to incur legal expenses and attorneys'

10  fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and

11  prays for leave of court to amend this complaint when said amounts are more fully known

12  in order to recover said expenses and fees as allowed by statute.

13                          **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff prays judgment as follows:

15      1.    For compensatory damages, in an amount according to proof;

16      2.    For punitive damages in the sum sufficient to make a proper example of

17  Defendants and to deter future same or similar conduct;

18      3.    For liquidated damages and/or penalties as allowed by applicable law;

19      4.    For interest accrued;

20      5.    For reasonable attorney's fees as allowed by applicable law;

21      6.    For costs of suit and expenses incurred herein; and

22      7.    For such other and further relief as the court deems just and proper.

23  Dated: May 28, 2025                  MICHAEL MARTINEZ LAW, APC

24

25

26  By: _____

27                  Michael C. Martinez
                    Attorney for Plaintiff
                    JENNA SHUMWAY

28

1                      **DEMAND FOR JURY TRIAL**

2

3         Plaintiff JENNA SHUMWAY hereby demands a trial by jury on all claims.

4

5 Dated: May 28, 2025                   Respectfully submitted,

6                           MICHAEL MARTINEZ LAW, APC

7

8                  By: _____

9                         Michael C. Martinez
                          Attorney for Plaintiff

10                           JENNA SHUMWAY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Michael C. Martinez (SBN 188084); Michael Martinez Law, APC;
155 North Lake Avenue, Suite 800, Pasadena, CA 91101

    TELEPHONE NO.: 888.227.2994    FAX NO. *(Optional):* 626.240.5994
    E-MAIL ADDRESS: michael@michaelmartinezlaw.com
    ATTORNEY FOR *(Name):* Plaintiff Jenna Shumway

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
   STREET ADDRESS: 111 North Hill Street
   MAILING ADDRESS: 111 North Hill Street
   CITY AND ZIP CODE: Los Angeles, CA 90012
   BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/29/2025 12:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk**

CASE NAME:
Shumway v. Space Exploration Technologies Corp., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | 25STCV15581 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 29, 2025
Michael C. Martinez
_____
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| SHUMWAY v. SPACE EXPLORATION TECHNOLOGIES CORP., et al. | 25STCV15581 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| SHUMWAY v. SPACE EXPLORATION TECHNOLOGIES CORP., et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SHUMWAY v. SPACE EXPLORATION TECHNOLOGIES CORP., et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| SHUMWAY v. SPACE EXPLORATION TECHNOLOGIES CORP., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SHUMWAY v. SPACE EXPLORATION TECHNOLOGIES CORP., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1 Rocket Road |
|---|---|
| CITY: Hawthorne | STATE: CA | ZIP CODE: 90250 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 05/29/2025

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/29/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV15581 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Thomas D. Long | 48 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 05/29/2025                    By S. Ruiz                    , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**<u>APPLICATION</u>**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**<u>PRIORITY OVER OTHER RULES</u>**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**<u>CHALLENGE TO ASSIGNED JUDGE</u>**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**<u>TIME STANDARDS</u>**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**<u>COMPLAINTS</u>**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**<u>CROSS-COMPLAINTS</u>**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**<u>STATUS CONFERENCE</u>**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**<u>FINAL STATUS CONFERENCE</u>**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**<u>SANCTIONS</u>**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**<u>Class Actions</u>**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**<u>*Provisionally Complex Cases</u>**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  RESOURCE LIST DISCLAIMER: The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/02/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____R. Lomeli_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Jenna Shumway

DEFENDANT:
Space Exploration Technologies Corp., et al.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
25STCV15581

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: 10/16/2025    Time: 8:30 AM    Dept.: 48

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 06/02/2025

_____
Judicial Officer

Thomas D. Long / Judge

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Michael C Martinez
155 N. Lake Ave., Ste. 800
Pasadena, CA 91101

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/02/2025

By _____R. Lomeli_____
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/02/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ R. Lomeli _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jenna Shumway | |
| DEFENDANT/RESPONDENT:<br>Space Exploration Technologies Corp., et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25STCV15581 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michael C Martinez
Michael Martinez Law, APC
155 N. Lake Ave., Ste. 800
Pasadena, CA 91101

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/2/2025

By: R. Lomeli _____
Deputy Clerk

**CERTIFICATE OF MAILING**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Michael C Martinez SBN 188084**<br>**Michael Martinez Law, APC**<br>**155 N Lake Ave 800**<br>**Pasadena, CA 91101**<br><br>Telephone No.: **(888) 227-2994**      Fax No. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*      **Plaintiff** | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/03/2025 11:27 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Saxon, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |
|---|
| STREET ADDRESS: 111 N Hill St |
| MAILING ADDRESS: 111 N Hill St |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |

| PLAINTIFF/PETITIONER:  Jenna Shumway | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Space Exploration Technologies Corp. | 25STCV15581 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>1 |
|---|---|

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of:   *Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; Alternative Dispute Resolution (ADR) Information Package; Complaint*

3.    a. Party served *(specify name of party as shown on documents served):*
       **SPACE EXPLORATION TECHNOLOGIES CORP, a Texas corporation;**

      b.   ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
            **CSC Lawyers Registered Agent by leaving with Alex Jenkins**
            **Person Authorized to Accept**

4.    Address where the party was served: **2710 Gateway Oaks Dr , #150N Sacramento, CA 95833**

5.    I served the party *(check proper box)*
      a.   ☒   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **5/30/2025** (2) at: **01:41 PM**
      b.   ☐   **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

            (1)   ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

            (2)   ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

            (3)   ☐   **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

            (4)   ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                  *on:*      *from:*      **or**  ☐  a declaration of mailing is attached.

Page 1 of 2

POS-010 [Rev. January 1, 2007]                                  **PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF/PETITIONER: | Jenna Shumway | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Space Exploration Technologies Corp. | 25STCV15581 |

     (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.    c. ☐    **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:                      (2) from:

    (3)      with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)      to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.    **by other means** *(specify means of service and authorizing code section):*

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐    as an individual defendant.
   b. ☐    as the person sued under the fictitious name of *(specify):*
   d. ☒    On behalf of *(specify):* **SPACE EXPLORATION TECHNOLOGIES CORP, a Texas corporation;**
       under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒   416.10 (corporation) | ☐   415.95 (business organization, form unknown) |
| ☐   416.20 (defunct corporation) | ☐   416.60 (minor) |
| ☐   416.30 (joint stock company/association) | ☐   416.70 (ward or conservatee) |
| ☐   416.40 (association or partnership) | ☐   416.90 (authorized person) |
| ☐   416.50 (public entity) | ☐   other: |

7. **Person who served papers**
   a. Name: **Katrina Williams**
   b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
   c. Telephone number: **213-628-6338**
   d. **The fee** for service was: **$105.00**
   e. I am:
    (1) ☐     not a registered California process server.
    (2)      exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒     a registered California process server:
       (i)     ☐ owner     ☐ employee     ☒ independent contractor.
       (ii)    Registration No.: **2015-10**
       (iii)   County: **Sacramento**

8. ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

**Katrina Williams**            Date: **06/02/2025**

**Invoice#: 12087431-02**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Michael Martinez SBN 188084** <br> **Michael Martinez Law, APC** <br> **155 N Lake Ave 800** <br> **Pasadena, CA 91101** <br> TELEPHONE NO.: **(888) 227-2994**    FAX NO. *(Optional):* <br><br> E-MAIL ADDRESS *(Optional):* **michael@michaelmartinezlaw.com** <br> ATTORNEY FOR *(Name):*    **Plaintiff** | Electronically FILED by <br> Superior Court of California, <br> County of Los Angeles <br> 6/12/2025 7:40 AM <br> David W. Slayton, <br> Executive Officer/Clerk of Court, <br> By L. Grim, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) | |
|---|---|
| STREET ADDRESS: 111 N Hill St <br> MAILING ADDRESS: 111 N Hill St <br> CITY AND ZIP CODE: Los Angeles, CA 90012 <br> BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - <br> STANLEY MOSK (EFILING) | |

| PLAINTIFF/PETITIONER: Jenna Shumway <br><br> DEFENDANT/RESPONDENT: Space Exploration Technologies Corp. | CASE NUMBER: <br> 25STCV15581 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: <br> 1 |

*(Separate proof of service is required for each party served.)*

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: ***Complaint; Summons; Civil Case Cover Sheet; Notice of Case Assignment; ADR Information Packet;***
      ***Picture***

3.    a.  Party served *(specify name of party as shown on documents served):*
         **DANIEL COLLINS, an individual;**
         (Gender: Male Age: 45 Height: 5'10 Weight: 190 Race: Caucasian  Hair: Black Other: Brown Eyes)

      b.  ☐   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
              under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.    Address where the party was served: ***41964 Blair Wds Dr Brambleton, VA 20148***
5.    I served the party *(check proper box)*
      a.  ☒   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
              service of process for the party (1) on: **6/7/2025** (2) at: **10:33 AM**
      b.  ☐   **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or
              relationship to person indicated in item 3):*

              (1)  ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of
                       business of the person to be served. I informed him or her of the general nature of the papers.
              (2)  ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                       place of abode of the party. I informed him or her of the general nature of the papers.
              (3)  ☐   **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual
                       mailing address of the person to be served, other than a United States Postal Service post office box. I
                       informed him or her of the general nature of the papers.
              (4)  ☐   A declaration of mailing is attached
              (5)  ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Jenna Shumway | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp. | 25STCV15581 |

5.  d.  **by other means** *(specify means of service and authorizing code section):*

    Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [x]  as an individual defendant.
    b.  [ ]  as the person sued under the fictitious name of *(specify):*
    c.  as occupant.
    d.  [ ]  On behalf of *(specify):*
         under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)              [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
    [ ] 416.30 (joint stock              [ ] 416.70 (ward or conservatee)
        company/association)
    [ ] 416.40 (association or partnership) [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)               415.46 (occupant)
                                         [ ] other:

7.  **Person who served papers**
    a.  Name: **Michael Mantyla**
    b.  Address: **840 N. Birch St, Santa Ana, CA 92701**
    c.  Telephone number: **714-953-9451**
    d.  The fee for service was: **$230.00**
    e.  I am:
        (1)  [x]  not a registered California process server.
        (2)  exempt from registration under Business and Professions Code section 22350(b).
        (3)  [ ]  a registered California process server:
             (i)   [ ] owner   [ ] employee   [x] independent contractor.
             (ii)  Registration No.:
             (iii) County: **0**

8.  [x]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

▶ _____

**Michael Mantyla**                    Date: **06/09/2025**

1   MORGAN, LEWIS & BOCKIUS LLP
    Jennifer B. Zargarof, Bar No. 204382
2   300 South Grand Avenue
    Twenty-Second Floor
3   Los Angeles, CA 90071-3132
    Tel:    +1.213.612.2500
4   Fax:    +1.213.612.2501
    jennifer.zargarof@morganlewis.com
5
    Attorney for Defendants
6   SPACE EXPLORATION TECHNOLOGIES CORP.
    and DANIEL COLLINS
7

8

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                           COUNTY OF LOS ANGELES

12

13   JENNA SHUMWAY, an individual,            Case No. 25STCV15581

14                    Plaintiff,              Assigned to: Hon. Thomas D. Long
                                                          Dept. 48
15           vs.
                                             **DEFENDANTS SPACE EXPLORATION**
16   SPACE EXPLORATION TECHNOLOGIES          **TECHNOLOGIES CORP. AND DANIEL**
     CORP., a Texas corporation; DANIEL      **COLLINS' ANSWER TO PLAINTIFF**
17   COLLINS, an individual; and DOES 1 through   **JENNA SHUMWAY'S COMPLAINT**
     50,
18                                           Date Action Filed: May 29, 2025
                      Defendants.
19

20

21

22

23

24

25

26

27

28

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1      Defendants Space Exploration Technologies Corp. ("SpaceX") and Daniel Collins

2  ("Collins") (collectively, "Defendants"), by and through their undersigned counsel, hereby

3  respond to the allegations contained in the Complaint ("Complaint") of Plaintiff Jenna Shumway

4  ("Plaintiff") as follows:

5                          **GENERAL DENIAL**

6      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally

7  deny each and every material allegation set forth in the Complaint.  Defendants further deny,

8  generally and specifically, that Plaintiff has been injured in the amount or manner alleged or in

9  any other manner whatsoever or that Plaintiff has been or will be damaged in any sum, or at all,

10  by reason of any act or omission on the part of Defendants, or any of Defendants' past or present

11  agents, representatives, or employees so as to entitle her to any recovery.

12                   **AFFIRMATIVE DEFENSES**

13      Defendants also assert the following defenses, in the alternative, without admitting any

14  obligations regarding who bears the burden of proof or persuasion as to any one of them:

15              **FIRST AFFIRMATIVE DEFENSE**

16                       (Arbitration)

17      1.     The Court lacks jurisdiction over the Complaint, and each and every purported

18  cause of action alleged therein, because Plaintiff is subject to a binding arbitration agreement with

19  SpaceX.

20             **SECOND AFFIRMATIVE DEFENSE**

21                (Failure to State a Claim)

22      2.     The Complaint, and each and every purported cause of action alleged therein, fails

23  to state facts sufficient to constitute a cause of action against Defendants.

24              **THIRD AFFIRMATIVE DEFENSE**

25               (Statute of Limitations)

26      3.     Defendants are informed and believe, and based on such information and belief

27  aver, that the Complaint, and each and every purported cause of action alleged therein, is barred

28

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1     in whole or in part by the applicable statutes of limitations.

2     **FOURTH AFFIRMATIVE DEFENSE**

3     (Estoppel)

4     4.     Defendants are informed and believe, and based on such information and belief

5     aver, that Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

6     **FIFTH AFFIRMATIVE DEFENSE**

7     (Release and Waiver)

8     5.     Defendants are informed and believe, and based on such information and belief

9     aver, that Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in

10     part, to the extent that they have been released and/or waived.

11     **SIXTH AFFIRMATIVE DEFENSE**

12     (Unclean Hands)

13     6.     Defendants are informed and believe, and based on such information and belief

14     aver, that Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean

15     hands.

16     **SEVENTH AFFIRMATIVE DEFENSE**

17     (Failure to Exhaust Administrative Remedies)

18     7.     Defendants are informed and believe, and based on such information and belief

19     aver, that Plaintiff's claims are barred in whole or in part because she failed to timely and/or

20     properly exhaust her administrative remedies as required by the California Fair Employment and

21     Housing Act and the California Labor Code, as well as other applicable statutes and/or

22     regulations.

23     **EIGHTH AFFIRMATIVE DEFENSE**

24     (Exceeds Scope of Administrative Charge)

25     8.     Defendants are informed and believe, and based on such information and belief

26     aver, that Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are

27     barred to the extent that Plaintiff's allegations exceed the scope of the charges of discrimination

28

- 3 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1  filed with the California Civil Rights Department ("CRD") and/or the Equal Employment

2  Opportunity Commission ("EEOC").

3  <center>**NINTH AFFIRMATIVE DEFENSE**</center>

4  <center>(At-Will Employee)</center>

5       9.    Defendants are informed and believe, and based on such information and belief

6  aver, that Plaintiff's claims are barred in whole or in part because Plaintiff was an at-will

7  employee, her employment was not governed by an oral, written or implied contract, and

8  therefore could be terminated with or without notice and with or without cause at any time,

9  pursuant to California Labor Code section 2922.

10  <center>**TENTH AFFIRMATIVE DEFENSE**</center>

11  <center>(Justification and/or Privilege)</center>

12       10.    Defendants are informed and believe, and based on such information and belief

13  aver, that Plaintiff's claims are barred in whole or in part because Defendants' acts and omissions

14  were justified and/or privileged.

15  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

16  <center>(No Injury to Plaintiff)</center>

17       11.    Defendants are informed and believe, and based on such information and belief

18  aver, that Plaintiff has not suffered any injury, damage, loss, or harm due to any act or omission

19  of Defendants.

20  <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

21  <center>(Actions Not in Defendants' Control)</center>

22       12.    Defendants are informed and believe, and based on such information and belief

23  aver, that any damage or pecuniary loss that Plaintiff allegedly sustained was proximately caused

24  by Plaintiff's own actions or inactions, or the acts or omissions of others not within the control of

25  Defendants.

26  ///

27  ///

28

- 4 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2

(Equitable Indemnity/Proportional Fault)

3        13.    Defendants are informed and believe, and based on such information and belief

4    aver, that Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions of

5    entities or individuals other than Defendants, including Plaintiff, and Defendants' liability, if any,

6    must be reduced by any percentage of fault attributable to those other entities and/or individuals.

7

**FOURTEENTH AFFIRMATIVE DEFENSE**

8

(Legitimate Non-Discriminatory Reason)

9        14.    Defendants are informed and believe, and based on such information and belief

10    aver, that Plaintiff's claims are barred in whole or in part because any adverse employment

11    actions that Plaintiff allegedly suffered were supported by legitimate, non-discriminatory, and

12    non-retaliatory business reasons.

13

**FIFTEENTH AFFIRMATIVE DEFENSE**

14

(Job-Related/Business Necessity)

15        15.    Defendants are informed and believe, and based on such information and belief

16    aver, that Plaintiff's claims are barred in whole or in part because Defendants' actions were job-

17    related and/or justified by business necessity.

18

**SIXTEENTH AFFIRMATIVE DEFENSE**

19

(Mixed Motive)

20        16.    Defendants are informed and believe, and based on such information and belief

21    aver, that any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred

22    because assuming, *arguendo*, that retaliatory reasons had been a motivating factor in any

23    employment decision concerning Plaintiff, Defendants would have made the same employment

24    decision toward Plaintiff in any case for legitimate, or non-retaliatory reasons.

25    ///

26    ///

27    ///

28

- 5 -

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

(Reasonable Care to Prevent and Correct Discrimination, Retaliation and Harassment)

3      17.     Defendants are informed and believe, and based on such information and belief

4    aver, that Plaintiff's claims are barred in whole or in part because at all relevant times Defendants

5    acted in good faith and exercised reasonable care to prevent and promptly correct any

6    discriminatory, retaliatory, harassing or otherwise unlawful behavior, thereby satisfying any legal

7    obligation Defendants had to Plaintiff, if any.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9

(Conduct Not Severe or Pervasive)

10     18.     Defendants are informed and believe, and based on such information and belief

11    aver, that Plaintiff's claims are barred in whole or in part because to the extent that any of the acts

12    or omissions alleged in the Complaint occurred, they were not so severe or pervasive as to

13    constitute harassment based on any protected basis, or to alter the terms and conditions of

14    Plaintiff's employment.

15

## NINETEENTH AFFIRMATIVE DEFENSE

16

(Public Policy)

17     19.     Defendants are informed and believe, and based on such information and belief

18    aver, that Plaintiff's claims are barred in whole or in part because Plaintiff was not terminated in

19    violation of any fundamental well-established public policy embodied in law or statute.  Plaintiff

20    was an at-will employee and terminated for legitimate, non-discriminatory and non-retaliatory

21    reasons.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

(Just and Proper Exercise of Managerial Discretion)

24     20.     Defendants are informed and believe, and based on such information and belief

25    aver, that Plaintiff's claims are barred, in whole or in part, because Defendants' actions were a

26    just and proper exercise of management discretion and business judgment, which were

27

28

- 6 -

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1    undertaken for a fair and honest reason regulated by good faith under the circumstances then

2    existing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Legitimate Business Purpose)

5        21.    Defendants are informed and believe, and based on such information and belief

6    aver, that Plaintiff's Complaint, and each cause of action, is barred because the alleged conduct of

7    which Plaintiff complains, if committed, was made in good faith, honestly, not maliciously, and

8    in the exercise of business judgment and for legitimate, lawful reasons that were not based on sex

9    and/or gender, retaliatory motive, or any other improper or illegal consideration.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Exercise Preventive Measures / Avoidable Consequences)

12       22.    Defendants are informed and believe, and based on such information and belief

13   aver, that Plaintiff's Complaint, and each purported cause of action contained therein, is barred

14   because Defendants exercised reasonable care to prevent and promptly correct workplace

15   discrimination, harassment, and retaliation, and Plaintiff unreasonably failed to take advantage of

16   preventative and corrective measures or to otherwise avoid harm.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

19       23.    Defendants are informed and believe, and based on such information and belief

20   aver, that the Complaint is limited or subject to an absolute bar as to recoverable damages based

21   on after-acquired evidence that Defendants have presently and/or may acquire during the course

22   of this litigation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Malice)

25       24.    Defendants are informed and believe, and based on such information and belief

26   aver, that Defendants have made a good faith effort to comply with all applicable anti-harassment

27   and discrimination laws and Defendants have not engaged in any alleged conduct with malice or

28

- 7 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1  reckless indifference to the protected rights of any aggrieved individual and, thus, Plaintiff is not
2  entitled to punitive damages.

3  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

4  (Punitive Damages Unavailable)

5  25.   Defendants are informed and believe, and based on such information and belief
6  aver, that Plaintiff fails to state facts sufficient to state a claim for punitive and/or exemplary
7  damages under California Civil Code § 3294.  Plaintiff has not alleged and/or cannot demonstrate
8  any wrongful conduct by any Defendant or any managing agents of Defendant that would support
9  an award of punitive damages, and Defendants further allege that no Defendant ever ratified or
10 condoned any unlawful or tortious conduct of any employee or individual.

11 ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

12 (Punitive Damages Unconstitutional)

13 26.   Defendants are informed and believe, and based on such information and belief
14 aver, that Plaintiff's claim for punitive damages is barred in whole or in part because Defendants
15 did not act with malice, oppression, or fraud, and imposing punitive damages would be
16 unconstitutional.

17 ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18 (Failure to Mitigate Damages)

19 27.   Defendants are informed and believe, and based on such information and belief
20 aver, that Plaintiff's damages, if any, must be reduced because Plaintiff failed to make reasonable
21 efforts to mitigate her damages.

22 ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23 (Pre-Existing Conditions)

24 28.   Defendants are informed and believe, and based on such information and belief
25 aver, that insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury, which is
26 denied, some or all of such injuries are due to personal circumstances existing in Plaintiff's life
27 during the relevant time or to pre-existing conditions, not to any actions of Defendants.

28

- 8 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

(Workers' Compensation Preemption)

3    29.    Defendants are informed and believe, and based on such information and belief

4   aver, that to the extent that Plaintiff seeks recovery on account of any physical, mental and

5   emotional pain and suffering (which is expressly denied), the exclusive remedy for such damages

6   is under the California Workers' Compensation Act, and specifically California Labor Code

7   sections 3601 and 3602.

8

## THIRTIETH AFFIRMATIVE DEFENSE

9

(Offset, Setoff, and Recoupment)

10    30.    Defendants are informed and believe, and based on such information and belief

11   aver, that for any damages that may have been sustained by Plaintiff, although such is specifically

12   denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all

13   obligations of Plaintiff owed to any Defendant against any judgment that may be entered against

14   any Defendant.

15

## THIRTY-FIRST AFFIRMATIVE DEFENSE

16

(Truth)

17    31.    Plaintiff's claim for defamation fails as a matter of law because any purported

18   statement alleged by Plaintiff to give rise to a claim of defamation was truthful.

19

## THIRTY-SECOND AFFIRMATIVE DEFENSE

20

(Privilege)

21    32.    Plaintiff's claim for defamation fails as a matter of law because any purported

22   statement alleged by Plaintiff to give rise to a claim of defamation was made pursuant to the

23   common interest privilege.

24

## THIRTY-THIRD AFFIRMATIVE DEFENSE

25

(Consent)

26    33.    Defendants are informed and believe, and based on such information and belief

27   aver, that Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in

28

- 9 -

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1  whole or in part, because Plaintiff consented to any alleged actions or omissions that support

2  Plaintiff's allegations.

3  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

4  (Lack of Actual Injury)

5      34.    Plaintiff's cause of action claiming unfair business practices in violation of

6  California Business and Professions Code Sections 17200, *et seq*. is barred because Plaintiff did

7  not suffer actual injury.

8  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

9  (No Entitlement to Jury Trial)

10      35.    Plaintiff is not entitled to a trial by jury on one or more of Plaintiff's claims,

11  including Plaintiff's cause of action under the California Business and Professions Code Sections

12  17200, *et seq*.

13  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

14  (Bona Fide Factor Other Than Sex/Gender)

15      36.    Defendants are informed and believe, and based on such information and belief

16  aver, that any differential in compensation paid to Plaintiff when compared to compensation paid

17  to male employees for substantially similar work, when viewed as a composite of skill, effort, and

18  responsibility, and performed under similar working conditions, is due to a seniority system, a

19  merit system, a system which measures earnings by quantity or quality of production, or some

20  other bone fide factor other than sex/gender.

21  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22  (Failure to State Facts Sufficient for Grant of Attorneys' Fees or Costs)

23      37.    Plaintiff's Complaint fails to state facts sufficient to grant an award of attorneys'

24  fees or costs.

25  ///

26  ///

27  ///

28

- 10 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1          **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

2                     (Damages Too Speculative)

3          38.    Plaintiff cannot recover any of the damages alleged in the Complaint because such

4    damages, if any, are too speculative to be recoverable at law.

5          **THIRTY-NINTH AFFIRMATIVE DEFENSE**

6                     (One Satisfaction)

7          39.    As to Plaintiff's Complaint and the causes of action alleged therein, Plaintiff

8    cannot properly recover damages under multiple or different theories or causes of action for the

9    same or similar alleged acts.

10         **FORTIETH AFFIRMATIVE DEFENSE**

11                    (Lack of Irreparable Injury)

12         40.    Plaintiff is not entitled to injunctive relief because she will not suffer any

13   irreparable injury if injunctive relief is denied.

14         **FORTY-FIRST AFFIRMATIVE DEFENSE**

15                    (Adequate Remedy at Law)

16         41.    Defendants are informed and believe, and based on such information and belief

17   aver, that Plaintiff's Complaint, and any injunctive relief, declaratory relief and restitution

18   remedies Plaintiff seeks, are barred because Plaintiff has an adequate remedy at law.

19         **RESERVATION OF RIGHTS**

20                    (Additional Affirmative Defenses)

21         42.    Defendants are informed and believe that they may have additional defenses

22   available.  Defendants reserve the right to assert additional defenses after facts supporting those

23   defenses are obtained.

24         **PRAYER**

25         WHEREFORE, Defendants SpaceX and Daniel Collins pray for judgment as follows:

26         1.    That Plaintiff takes nothing by this action;

27         2.    That judgment be entered in favor of Defendants and against Plaintiff;

28
                                        - 11 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

3.      That Defendants be awarded the costs of suit herein incurred;

4.      That Defendants be awarded attorneys' fees according to proof; and

That the Court award Defendants such other and further relief as the Court may deem proper.

Dated: June 27, 2025                          MORGAN, LEWIS & BOCKIUS LLP

By _____
   Jennifer B. Zargarof
   Attorney for Defendant
   SPACE EXPLORATION
   TECHNOLOGIES CORP.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO
PLAINTIFF JENNA SHUMWAY'S COMPLAINT

1

## **PROOF OF SERVICE**

2    I am a resident of the United States and employed in Los Angeles County, California.  I

3 am over the age of eighteen years and not a party to the within entitled action.  My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.  On June 27, 2025, I served a copy of the within document(s):

4

5 **DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND DANIEL COLLINS' ANSWER TO PLAINTIFF JENNA SHUMWAY'S COMPLAINT**

6  ☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage

7    thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

8  ☒ **BY E-MAIL SERVICE:** by transmitting via e-mail or electronic transmission the

9    document(s) listed above to the person(s) at the e-mail address(es) set forth below.

10 *Attorneys for Plaintiff Jenna Shumway*

Michael C. Martinez

11 **MICHAEL MARTINEZ LAW, APC**

12 155 North Lake Avenue, Suite 800

Pasadena, CA 91101

13 Tel: (888) 227-2994

Fax: (626) 240-5994

14 michael@michaelmartinezlaw.com

15    I am readily familiar with the firm's practice of collection and processing correspondence

16 for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

17 motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18    I declare under penalty of perjury under the laws of the State of California that the above

19 is true and correct.

20    Executed on June 27, 2025, at Los Angeles, California.

21

22            _____

23               Victoria Setio

24

25

26

27

28

- 13 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES